IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BATSAIHAN PURVEEGIIN, : | |
| : | |
| Plaintiff, : | CIVIL NO. 3:CV-06-0300 |
| : | |
| v. : | (Chief Judge Vanaskie) |
| : | |
| PIKE COUNTY CORRECTIONAL : | |
| FACILITY, *et al.*, : | |
| : | |
| Defendants. : | |

### MEMORANDUM and ORDER

I.  **Introduction**

Plaintiff, Batsaihan Purveegiin, currently detained by the Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility ("PCCF") in Lords Valley, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that: (1) he is illegally detained at PCCF; and (2) while he has been held at PCCF, Defendants have interfered with his mail, denied access to adequate legal materials, denied adequate medical care, and restricted his religious worship. Pending before the Court is Plaintiff's motion for appointment of counsel (Dkt. Entry 4).  For the reasons that follow, the motion will be denied.

II. **Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, Congress has conferred the Court with broad discretionary power to request counsel

to undertake representation of an indigent litigant.  *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in deciding whether to seek volunteer counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  The claims asserted in this action are similar to claims made by Plaintiff with

respect to conditions of confinement he has allegedly encountered at other correctional facilities where he has been incarcerated pending deportation, thus raising considerable doubt as to the merits of his claims. Plaintiff is very litigious and has demonstrated that he is capable of presenting comprehensible arguments. The legal issues are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, expert testimony is not likely to be required, no credibility determinations appear at this stage of the case, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court, on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, THIS 19th DAY OF MAY, 2006, IT IS HEREBY ORDERED THAT** Plaintiff's motion for appointment of counsel (Dkt. Entry 4) is **DENIED**.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania
