IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN,               :
                                    :
            Plaintiff,              :           CIVIL NO. 3:CV-06-0300
                                    :
      v.                            :           (Chief Judge Vanaskie)
                                    :
PIKE COUNTY CORRECTIONAL            :
FACILITY, *et al.*,                 :
                                    :
            Defendants.             :

## MEMORANDUM

### I.    Introduction

      Plaintiff, Batsaihan Purveegiin, currently detained by the Bureau of Immigration and

Customs Enforcement at the Pike County Correctional Facility ("PCCF") in Lords Valley,

Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the

provisions of 42 U.S.C. § 1983.  Plaintiff, who seeks leave to proceed *in forma pauperis*,  claims

that: (1) he is illegally detained at PCCF; and (2) while he has been held at PCCF, Defendants

have interfered with his mail, denied access to adequate legal materials, denied adequate

medical care, and restricted his religious worship.  Plaintiff seeks declaratory, injunctive and

compensatory relief.  The matter is before the Court for initial screening pursuant to 28 U.S.C. §

1915(e)(2).[1]   Also pending is Plaintiff's "Motion to Invoke the Three Strikes in  IFP Standard"
(Dkt. Entry 5), and Plaintiff's "Motion to Correct Civil Action's Demands" (Dkt. Entry 10).  For the
reasons that follow, Plaintiff's complaint will be dismissed without prejudice, and he will be given
the opportunity to file an amended complaint which must comport with the requirements of the
Federal Rules of Civil Procedure.  Failure to do so will result in dismissal of this action with
prejudice.  Plaintiff's pending motions will be denied, without prejudice, as moot.

## II.   Discussion

Plaintiff is proceeding *pro se,* and such parties are accorded substantial deference.
*Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980).  They are not,
however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure
20, titled Permissive Joinder of Parties, in pertinent part, reads:

---

[1] Section 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been
paid, the court shall dismiss the case at any time if the court determines that--
**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

2

> (a) Permissive Joinder. All persons . . . may be joined in one action
> as defendants if there is asserted against them jointly, severally, or
> in the alternative, any right to relief in respect of or arising out of the
> same transaction, occurrence, or series of transactions or
> occurrences and if any question of law or fact common to all
> defendants will arise in the action. A plaintiff or defendant need not
> be interested in obtaining or defending against all the relief
> demanded. Judgment may be given for one or more of the plaintiffs
> according to their respective rights to relief, and against one or
> more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Plaintiff's complaint names seventeen (17) defendants and contains numerous claims

concerning unconnected issues, such as unlawful detention, inadequate medical care, and

infringement of other interests protected by the Constitution.  The claims against Defendants do

not arise out of the same transaction, occurrence, or series of transactions or occurrences, and

they lack a question of law or fact common to all defendants.

Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a single action of all persons
> asserting, or defending against, a joint, several, or alternative right
> to relief that arises out of the same transaction or occurrence and
> presents a common question of law or fact. The purpose of the rule
> is to promote trial convenience and expedite the final determination
> of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §

1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or

not a particular factual situation constitutes a single transaction or occurrence for purposes of

3

Rule 20, the courts . . . have adopted a case by case approach." *Id.,* § 1653 at 382. When the district court decides whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion. *Chicago, Rock Island & Pac. R.R. Co. v. Williams,* 245 F.2d 397, 404 (8th Cir. 1957), *cert. denied,* 335 U.S. 885 (1957).

In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America,* 383 U.S. at 724. "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *King v. Ralston Purina Co.,* 97 F.R.D. 477, 479-80 (W.D.N.C. 1983).

The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit.  As the United States Court of Appeals for the Eighth Circuit has noted :

> Permissive joinder is not . . . applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974).

4

Plaintiff's sundry claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20. A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated at PCCF; the Defendants and the alleged actions are disparate and unrelated. The claims do not satisfy the elements of joinder.

Moreover, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8. Although there is not a heightened pleading standard in § 1983 cases,[2] a § 1983 complaint must bear reasonable relation to the rules. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint lacks specific allegations of time and place, and the complaint fails to identify the Defendant(s) allegedly committing the wrongful acts which are the bases of his claims. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990). Thus, the complaint precludes a meaningful response from

---

[2] *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

5

Defendants and it fails to satisfy the notice pleading requirements of Rule 8. *Alston v. Simmon,* 363 F.3d 229, 233 (3d Cir. 2004).

Similarly, the complaint fails the requirements of Rule 10. The averments are not set forth in numbered paragraphs relating to one set of circumstances, as required. The averments that are set forth in numbered paragraphs often duplicate paragraph numbers (*see e.g.* Dkt. Entry 1-1 at 3, 7, 15 and 18), and some portions of the Plaintiff's complaint lack any numbering at all (*see* Dkt. Entry 1-1 at 4, 8 and 20), as required by Rule 10. This non-compliance is not merely a technical defect, but frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. There is no way for the Court to comprehend the document, nor are the Defendants expected to understand the allegations to enable them to prepare a proper response. The lack of numbered paragraphs also precludes a point of reference for the Defendants' answer(s).

As noted at the outset, this matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915. Since Plaintiff's complaint is not in compliance with the Rules, the Court cannot adequately screen this pleading to determine whether it presents a viable claim for relief or seeks relief against a party immune from suit. Accordingly, the complaint is subject to *sua sponte* dismissal by the Court for failure to comply with Rules 8, 10 and 20. Such dismissal will be ordered with leave to file an amended complaint. *See Salahudin v. Cuomo,* 861 F.2d 40 (2d Cir. 1988). Plaintiff is also reminded that the amended complaint must be complete in all

respects.  It must be a new pleading which stands by itself without reference to the complaint

already filed.  *Young v. Keohane*, 809 F.Supp. 1185 (M.D.Pa. 1992).  The amended complaint

should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially

numbered paragraphs.  It should specify the actions taken by a particular Defendant, be signed,

and indicate the nature of the relief sought.  Further, the claims set forth in the amended

document should arise out of the same transaction, occurrence, or series of transactions or

occurrences, and they should contain a question of law or fact common to all defendants. If

Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this

case will be closed.  An appropriate Order is attached.


<u>s/ Thomas I. Vanaskie</u>
THOMAS I. VANASKIE, Chief Judge
Middle District of Pennsylvania


Dated:  June 5, 2006

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN,              :
                                   :
              Plaintiff,           :          CIVIL NO. 3:CV-06-0300
                                   :
       v.                          :          (Chief Judge Vanaskie)
                                   :
PIKE COUNTY CORRECTIONAL           :
FACILITY, *et al.*,                :
                                   :
              Defendants.          :

## ORDER

NOW, THEREFORE, THIS 5th DAY OF JUNE, 2006, for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of

      Civil Procedure.

2.    Within twenty (20) days from the date of this Order, Plaintiff may file an amended

      complaint in accordance with Federal Rules of Civil Procedure.

3.    Failure to submit an amended complaint in accordance with the attached

      Memorandum will result in the closure of this case.

4.    Plaintiff's motion to invoke three strikes standard (Dkt. Entry 5) and Plaintiff's

motion to correct civil action's demands (Dkt. Entry 10) are **DENIED** as moot.


**s/Thomas I. Vanaskie**
THOMAS I. VANASKIE, Chief Judge
Middle District of Pennsylvania