**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-0300 |
| | : | |
| v. | : | (Chief Judge Vanaskie) |
| | : | |
| **PIKE COUNTY CORRECTIONAL FACILITY,** *et al.*, | : : : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM and ORDER**

**I.     Introduction**

Plaintiff, Batsaihan Purveegiin, previously detained by the Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility ("PCCF") in Lords Valley, Pennsylvania, commenced this pro se action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that: (1) he was illegally detained at PCCF; and (2) while he was held at PCCF, Defendants interfered with his mail, denied access to adequate legal materials, denied adequate medical care, and restricted his religious worship.  Pending before the Court is Plaintiff's Reply (Dkt. Entry 55) to this Court's prior Order (Dkt. Entry 48), which the Court will construe as Plaintiff's second Motion for Appointment of Counsel.  For the reasons that follow, the motion will be denied.

**II.    Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in

a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); see also Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In Tabron, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment

of counsel.  His complaint asserts claims that are repeated by this prodigious litigant for virtually every institution where he has been held.  Some averments seem divorced from reality.  The legal issues, moreover, are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.  Ultimately, Plaintiff has not set forth new factors that would alter the Court's prior denial of counsel (Dkt. Entry 20).  Therefore, Plaintiff's second Motion for Appointment of Counsel will be denied.

**AND NOW, THEREFORE, THIS 7th DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's second Motion for Appointment of Counsel (Dkt. Entry 55) is **DENIED**.

                                      **s/ Thomas I. Vanaskie**
                                      Thomas I. Vanaskie
                                      United States District Judge