**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-0300 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| **PIKE COUNTY CORRECTIONAL FACILITY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

I.  **Introduction**

Plaintiff, Batsaihan Purveegiin, commenced this pro se action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claimed that: (1) he was previously detained illegally at Pike County Correctional Facility ("PCCF") in Lords Valley, Pennsylvania; and (2) while he was held at PCCF, Defendants interfered with his mail, denied access to adequate legal materials, denied adequate medical care, and restricted his religious worship. Plaintiff sought declaratory, injunctive and compensatory relief.

In a Memorandum and Order dated June 6, 2006, this Court determined that Plaintiff's complaint failed to comply with the requirements of Federal Rules of Civil Procedure 8, 10 and 20. (Dkt. Entry 27.) The Court directed Plaintiff to file an amended complaint within twenty (20) days from the date of the Order. The Memorandum and Order forewarned Plaintiff that failure

to timely file an amended complaint that complies with the Federal Rules of Civil Procedure would result in closure of the case.

Plaintiff filed an Amended Complaint on June 16, 2006. The amended pleading is 91 pages long and names 15 Defendants. The issue before the Court at this time is whether Plaintiff cured the pleading deficiencies of the original pleading. Finding that Plaintiff has failed to do so, the Court will dismiss this action.

## II.   Discussion

Pro se litigants, such as Plaintiff, are accorded substantial deference in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Although Purveegiin has now complied with Rule 10(b)'s requirement of setting forth allegations in separately numbered paragraphs, he has not adhered to the minimal demands of Rules 8 and 20.

Rule 8(a) requires a short and plain statement of the Plaintiff's claims. Purveegiin's prolix amended complaint, which is 70 pages longer than his original complaint, does not meet the mandates of this rule. Defendants would be hard pressed to form a meaningful response to this pleading.

Nor has Plaintiff heeded this Court's admonition about joining unrelated claims and parties in one complaint. Federal Rule of Civil Procedure 20, titled Permissive Joinder of

Parties, in pertinent part, reads:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Like the initial Complaint, Plaintiff's ninety-one (91) page Amended Complaint names multiple defendants and contains numerous claims concerning unconnected issues, such as inadequate diet, inadequate medical care, and infringement of other interests protected by the United States Constitution.[1]  The claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of

---

[1] Plaintiff also alleges housing with inappropriate cell-mates, (Dkt Entry 35 at 31, 48, and 51-52), interference with his mail, (id. at 32, 34, 57, and 81-83), racial discrimination, (id. at 35), prison overcrowding, (id. at 44), emission of a noxious substance through his air vent, (id. at 45), administration of "poison pills," (id. at 49), torture, (id. at 58-59), and contamination and poisoning of his food. (Id. at 42.)  It should be noted that Plaintiff has asserted essentially the same litany of claims against multiple defendants at every other prison within the Middle District of Pennsylvania where he has been confined. E.g., Purveegiin v. Duran, No. 3:05-CV-02496 (M.D. Pa.) (Clinton County); Purveegiin v. York County Prison, 06-CV-00524 (M.D. Pa.); Purveegiin v. Donate, No. 3:07-CV-00593 (M.D. Pa.) (Lackawanna County)

law or fact common to all defendants.

As previously explained to Plaintiff (Dkt. Entry 27), Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." Id., § 1653 at 382.

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724. "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." King v. Ralston Purina Co., 97 F.R.D. 477, 479-80 (W.D. N.C. 1983).

The policy of liberal application of Rule 20, however, is not a license to join any and all

claims and defendants in one lawsuit.  As the United States Court of Appeals for the Eighth

Circuit has noted:

> Permissive joinder is not, however, applicable in all cases. The rule
> imposes two specific requisites to the joinder of parties: (1) a right
> to relief must be asserted by, or against, each plaintiff or defendant
> relating to or arising out of the same transaction or occurrence, or
> series of transactions or occurrences; and (2) some question of law
> or fact common to all the parties must arise in the action.

Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's sundry claims in the Amended Complaint share neither common legal issues

nor common facts, and, accordingly, are inappropriate for joinder under Rule 20.  A careful

reading of Plaintiff's allegations shows that the only common thread they all share is that they

allegedly occurred while he was incarcerated at PCCF; the Defendants and the alleged actions

are disparate and unrelated. The claims do not satisfy the requirements for joinder, even under

a liberal application of Rule 20.

As noted previously, Plaintiff was directed to file an amended complaint which complies

with the Federal Rules of Civil Procedure.  Plaintiff was informed that the amended complaint

should set forth his claims in short, concise and plain statements, the claims set forth in the

amended document should arise out of the same transaction, occurrence, or series of

transactions or occurrences, and they should contain a question of law or fact common to all

defendants.  Ultimately, Plaintiff was forewarned that if he failed to "timely file an amended

complaint adhering to the standards set forth above, this case will be closed." (Dkt. Entry 27 at 7 and 8.)  Plaintiff has not done so.  Plaintiff having failed to comply with this Court's plain directive, this Court will dismiss this action.  See Iseley v. Bitner, 216 Fed. Appx. 252, 255 (3d Cir. 2007) (dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims, thereby making impossible adjudication of a case asserting a plethora of unrelated claims against numerous defendants); Gantt v. Sutton, No. 06-7685, 2007 WL 1341044 (4th Cir. May 8, 2007) (affirming dismissal of action for failure to comply with court order directing compliance with Fed. R. Civ. P. 8); Heard v. Nix, 170 Fed. Appx. 618 (11th Cir. 2006) (same); Jaffe v. Napolitano, 167 Fed. Appx. 663 (9th Cir. 2006) (same); York v. McCulley, 159 Fed. Appx. 38 (10th Cir. 2005) (same); Bowe v. Goord, 152 F.3d 917 (2d Cir. 1998) (same); Mincy v. Klem, No. 1:07-CV-0340, 2007 WL 1576444 (M.D. Pa., May 30, 2007) (dismissing action because plaintiff's amended complaint, asserting numerous claims against scores of defendants, did not comply with court order directing adherence to the requirements of Rules 8 and 20).

    An appropriate Order follows.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie
                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-06-0300** |
| | : | |
| v. | : | **(Judge Vanaskie)** |
| | : | |
| **PIKE COUNTY CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

**NOW, THIS 28th DAY OF JUNE, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Dkt. Entry 2) is **GRANTED**.

2. This action is **DISMISSED, WITHOUT PREJUDICE**.

3. The Clerk of Court is directed to mark this matter **CLOSED**.

               **s/ Thomas I. Vanaskie**
               Thomas I. Vanaskie
               United States District Judge